```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA,          :
                                   :
                                   :
          v.                       :     Case No. 2:04-cr-171
                                   :
ANTONIA TYSON,                     :
                                   :
          Defendant.               :
```

ORDER ON REMAND

This case has been remanded from the United States Court of Appeals for the Second Circuit for explicit findings with respect to Tyson's enhanced sentence for obstruction of justice.  *See United States v. Ben-Shimon*, 249 F.3d 98, 102 (2d Cir. 2001) (per curiam); *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997).

Tyson waived indictment and pled guilty to two counts of an information charging him with mail fraud in violation of 18 U.S.C. § 1341, and money laundering in violation of 18 U.S.C. § 1957.  At Tyson's sentencing hearing on March 30, 2006 the Court applied a two-level enhancement for obstruction of justice based upon Tyson's untruthful testimony before the State of Vermont Department of Banking, Insurance, Securities & Health Care Administration ("BISHCA") in November 2004.  The Court based its conclusion that an obstruction-of-justice enhancement was warranted on the following facts, which were set forth in the presentence investigation report and to which Tyson did not object.

BISHCA began investigating Tyson in November 2003, after receiving a tip that Tyson was operating Tyson Investments and the Tyson Financial Group in Vermont without registering as an investment adviser or investment advisor representative.  On September 20, 2004, BISHCA sent Tyson a Cease and Desist Order requiring that he stop acting as an investment advisor or investment advisor representative in Vermont.  The Order was based on findings that Tyson was providing investment services without being registered with the Vermont Securities Division, that he accepted customer funds and deposited them in his personal bank account, and that by maintaining complete control over customer assets he was able to withdraw those assets without notice to clients.  Nevertheless, Tyson continued to represent to customers that he was actively engaged in trading on their behalf.

On November 17, 2004, in connection with the ongoing investigation, Tyson provided sworn testimony in a deposition at the BISHCA offices in Montpelier, Vermont.  At this deposition, Tyson testified falsely that he never intermingled client funds in his personal accounts, when in fact he routinely used client deposits for personal expenses; and that he mailed client checks for deposit in an Ameritrade brokerage account, when in fact he did not have an Ameritrade account for client funds.  Tyson was arrested by United States Postal Inspectors in December 2004 on a

one-count indictment charging mail fraud.

Section 3C1.1 of the United States Sentencing Guidelines provides that

> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1.  "[I]n order to base a § 3C1.1 enhancement upon the giving of perjured testimony, a sentencing court must find that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter."  *Zagari*, 111 F.3d at 329.

The Court finds that Tyson was fully aware of the pending state investigation into his conduct, and that he admitted testifying falsely to the BISHCA investigators.  He did so in an attempt to mislead the investigation and to divert attention from the fact that he did not have a legitimate investment business, but was converting customer funds for his own use and to repay other investors.  Tyson's false testimony was material to BISHCA's investigation into Tyson's illegal securities trading activity.  Tyson's false testimony was also material to the federal offenses of mail fraud and money laundering with which he was charged.

Tyson's perjury in the BISHCA deposition involved the same

3

conduct that resulted in his federal criminal charges; this obstructive conduct therefore occurred with respect to the investigation of his offense of conviction, as required for the § 3C1.1 enhancement to apply.  See *United States v. Fiori*, 381 F.3d 89, 94-95 (2d Cir. 2004).

Dated at Burlington, in the District of Vermont, this 7th day of February, 2008.

<pre>                              /s/ William K. Sessions III
                              William K. Sessions III
                              Chief Judge
                              U.S. District Court</pre>